**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

ADAM THAKAR,

      Plaintiff,

      v.

ALLEN COUNTY, et al.,

      Defendants.

CASE NO. 1:26-CV-173-HAB-ALT

**OPINION AND ORDER**

Pro se Plaintiff Adam Thakar ("Thakar") filed a civil rights complaint against Defendants Allen County and the State of Indiana alleging he was denied reasonable accommodations and equal protection of the laws by the Defendants in legal proceedings before the Allen County Superior Court. (ECF No. 13[1]). Along with his Complaint, Thakar also filed two motions to proceed in forma pauperis ("IFP"). (ECF Nos. 8, 10).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).  In a Chapter

---

[1] Thakar's original Complaint was unsigned. (ECF No. 2). On April 15, 2026, Magistrate Judge Teel ordered Thakar to file a signed version of the complaint (ECF No. 12), making the signed Complaint filed on April 29, 2026 (ECF No. 13) the operative complaint of record.

7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . . ." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In his IFP form, Thakar attests he is unmarried, unemployed, and his only source of income is $994 per month in Social Security disability benefits. (ECF No. 8). He further claims he has no dependents, substantially limited money and assets, monthly expenses that exceed his monthly Social Security benefits, and substantial debt. (*Id.* at 2). Thus, Thakar is unable to pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thakar's Complaint need not provide overly detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Twombly*, 550 U.S. at 555. His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Thakar alleges he is a bi-racial male with a documented disability who at some point in time participated in legal proceedings in the Allen County Superior Court. He claims he requested "reasonable accommodations, including the use of a PowerPoint or visual aid" due to his disability, and that Defendants denied him those accommodations and thus denied him meaningful access to the court. (ECF No. 13 at 2–3). He further claims that he "experienced differential treatment based on race and gender" during the court proceedings. (*Id.*) Thakar's suit alleges Defendants State of Indiana and Allen County (1) violated the ADA by denying him reasonable accommodations necessary for court proceedings; (2) discriminated against him on the basis of his disability in violation of the Rehabilitation Act; and (3) acted under color of state law in depriving him of equal protection by treating him differently based on his race and gender. (*Id.* at 3–4). He requests compensatory damages, declaratory relief that Defendants violated his rights, injunctive relief requiring the Defendants to provide him reasonable accommodations in state proceedings, and costs. (*Id.*)

Thakar's allegations fail to state non-frivolous claims against either of these Defendants, and his Complaint contains multiple deficiencies, some fatal. As to his § 1983 claims, Thakar cannot proceed against the State of Indiana for a constitutional violation as the Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Burrus v. State Lottery Commn. of Ind.*, 546 F.3d 417, 419–20 (7th Cir. 2008).

Similarly, while a municipality like Allen County may be sued under § 1983 for constitutional violations, the municipality can be held liable only if "executions of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To plausibly state a *Monell* claim, a plaintiff must plead facts that plausibly show that (1) he suffered a deprivation of a federal or constitutional right (2) as a result of an express policy, a widespread custom, or a deliberate act of a decisionmaker with final policymaking authority (3) that was the cause (moving force) of his injury and (4) that exhibits municipal fault. *See Stewardson v. Titus*, 136 F.4th 1264, 1279 (7th Cir. 2025). But Thakar's Complaint fails to include any allegation that his injuries are the result of any policy, practice, or custom of Allen County, nor has he identified any decisionmaker with final policymaking authority.[3] And finally, even if he had included any allegations sufficient to support a *Monell* claim, his equal protection claim is conclusory and vague, claiming he was denied equal protection based on his race and gender without any details to support those allegations beyond his initial

---

[3] Given the facts underlying his Complaint—that he was engaged in legal proceedings before the Allen County Superior Court and was denied accommodations within those proceedings—the Court is dubious that Thakar *could* identify a decisionmaker beyond the judge presiding over the matter, who would be immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012).

4

declaration of his race and gender. Without more detail, this kind of allegation is no more than an "unadorned the-defendant[s]-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and his § 1983 claim cannot proceed.

As to Thakar's ADA and Rehabilitation Act claims, while he might be able to state a plausible claim under either or both statutes, it is not clear he has done so yet. Title II of the ADA prohibits discrimination by public entities, providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A Rehabilitation Act claim is "functionally identical," requiring Thakar to allege that the state entity denied him access to a program or activity because of a disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). While Congress has abrogated sovereign immunity for Title II claims that implicate access to the courts, *see Sossamon v. Texas*, 563 U.S. 277, 291 (2011), and for Rehabilitation Act claims when the state program at issue receives federal financial assistance,[4] *see Tennessee v. Lane*, 541 U.S. 509, 531 (2004), it is not clear to this Court that either the State of Indiana or Allen County are the proper defendants in a case that originates from actions in and by the county court. *See Prakel v. Indiana*, 100 F. Supp. 3d 661, 667 (S.D. Ind. 2015) ("The State of Indiana does not have a unified court system. Rather, Indiana courts consist of separately elected judicial officers in each county as provided for by Article 7, Section 7 of the Indiana Constitution."). Instead, the county court would likely be the appropriate defendant under either statute. *See Mudica v. St. Joseph Cnty. Superior Cts.*, No. 3:20-

---

[4] Thakar's Complaint alleges that both the State of Indiana and Allen County receive federal funding. (ECF No. 14 at 3).

CV-1007, 2021 WL 1854344, at *2 (N.D. Ind. May 10, 2021). Thakar will be granted leave to amend his Complaint to substitute the proper defendant.

Beyond naming improper parties, Thakar's Complaint also fails to provide facts to support an ADA or Rehabilitation Act claim under these circumstances. Due process and the ADA require "the States to afford certain civil litigants a 'meaningful opportunity to be heard' by removing obstacles to their full participation in judicial proceedings." *Lane*, 541 U.S. at 523. Discrimination occurs when the defendant knows that a violation of these rights is "substantially likely," and nevertheless fails to act. *Lacy v. Cook Cnty., Ill.*, 897 F.3d 847, 862 (7th Cir. 2018). Thakar has not raised a plausible inference that his disability stopped him from *fully* participating in the state court proceedings, that the Defendant(s) refused to accommodate his disability, or that the Defendant(s) knew of a substantial likelihood that his rights were violated.

Likewise, while his Complaint includes some factual information—he was in a proceeding in the Allen County Superior Court, he requested accommodations on account of his disability such as the use of visual aids, and he was denied those accommodations—these facts are insufficient to provide Defendants with "fair notice" of the claims against them and the factual "grounds upon which" the claims rest. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 545. Thus, he has not pleaded facts indicating that he was denied access to the courts because of a disability and has not stated a claim for discrimination under the ADA or the Rehabilitation Act. If Thakar chooses to amend his Complaint, he should be sure to include specific allegations regarding when Defendants denied his accommodations; when he requested the accommodations and informed Defendants that they were necessary due to his disability, and any factual details regarding Defendants' alleged denials. Ultimately, Thakar must explain what each Defendant did and how it harmed him in enough detail to allow Defendants to understand what they are being accused of.

For these reasons, the Court:

(1) GRANTS Thakar leave to proceed in forma pauperis (ECF Nos. 8, 10);

(2) DEFERS payment of the filing fee;

(3) ORDERS Thakar to pay the $350.00 filing fee from the proceeds of any recovery in this case;

(4) DISMISSES Thakar's §1983 claim without leave to amend for failure to state a claim; and

(5) GRANTS LEAVE TO FILE AN AMENDED COMPLAINT on or before June 5, 2026, for his ADA and Rehabilitation Act claims, against the proper defendant and with the requirements outlined in this Order; and

(6) CAUTIONS Thakar that if there is no response by the deadline, this case will be dismissed without further notice.

**SO ORDERED** on May 5, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT