**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ADAM THAKAR,<br><br>      Plaintiff,<br><br>      v.<br><br>ALLEN COUNTY, et al.,<br><br>      Defendants. | CASE NO. 1:26-CV-173-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Adam Thakar ("Thakar") filed this civil rights case and multiple simultaneous motions to seal various documents or file redacted versions, as well as a motion for ECF access. (ECF Nos. 1, 2, 5, 7, 8, 9, 10). On April 15, 2026, Magistrate Judge Andrew Teel denied the motions to seal and directed the clerk to unseal the previously sealed filings, struck from the record any redacted filings as redundant, and denied Thakar's request for electronic filing access. (ECF No. 12). Thakar has filed objections to Judge Teel's Order and asked this Court to restore his sealed filings, "un-strike" the stricken documents, and grant his request for electronic filing access. (ECF No. 14).

Federal Rule of Civil Procedure 72 permits parties to serve and file objections to a magistrate judge's order, dispositive or non-dispositive, within fourteen days of the entry of such order. Fed. R. Civ. P. 72(a)-(b). A district court judge may sustain an objection to a non-dispositive order by a magistrate judge when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

As to the motions to seal and the striking of redacted filings, Judge Teel's Order provided the following reasoning:

> Plaintiff cites Federal Rule of Civil Procedure 5.2 as reason to maintain documents under seal or redacted. This Rule provides protection for social-security numbers, taxpayer-identification numbers, birth dates, the name of an individual known to be a minor, or a financial-account numbers. Fed. R. Civ. P. 5.2(a). None of Plaintiff's documents contain sensitive information that requires redaction or filing under seal. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view." (collecting cases)). As such, all of these documents and motions must be unsealed and unredacted.

(ECF No. 12 at 1). Thakar objects, arguing that the formerly-sealed documents contain his personal medical information—his disability and its origin—as well as his income and debt information. As justification, Thakar explains that "[i]f people know about the cause of my neck injuries (and the complications that come with it), it would prevent business contract opportunities." (ECF No. 14 at 4).

Under Fed. R. Civ. P. 5.2, only personal identifying information is subject to being sealed. While Thakar may wish to keep the fact that he has a disability and its origin private, this is information central to his lawsuit and therefore should be publicly available. *Small v. Touchette Reg'l Hosp., Inc.,* No. 3:23-CV-3629-MAB, 2026 WL 873909 (S.D. Ill. Mar. 31, 2026). Since Thakar is pursuing claims for disability discrimination there is little doubt that information about his disability will be revealed and become part of the public record. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("[V]ery few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."); *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records."). Indeed, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Specht,* 622 F.3d 697, 701 (7th Cir.2010)). The Seventh Circuit further

explained that "[t]he reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel*, 738 F.3d at 833. That presumption of public access "'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'"; other materials that may have crept into the record are not subject to the presumption." *Id.* (quoting *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002)). Given the general presumption of public access, a party wishing to seal a part or the whole of the record in the case must show good cause. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999). Magistrate Judge Teel did not find good cause and the Court finds no clear error.

As to Thakar's request for electronic filing access, Judge Teel explained:

Plaintiff's request to file electronically is against District policy because he is pro se. *Mapes v. CVS Health, Inc.*, No. 2:25-CV-00337-GSL-JEM, 2025 WL 2550378, at *1 (N.D. Ind. Aug. 13, 2025); *Wilson v. Park Ctr., Inc.*, No. 2:09-CV-184, 2010 WL 5818293 (N.D. Ind. Oct. 8, 2010), R. & R. adopted, 2011 WL 614091 (N.D. Ind. Feb. 11, 2011). The Federal Rules of Civil Procedure permit "[a] person not represented by an attorney" to "file electronically only if allowed by court order or by local rule." *Mapes*, 2025 WL 2550378, at *1 (alteration in original); *Turner v. Zurich Ins. Grp.*, No. 1:22-CV-01495, 2022 WL 20514785 (S.D. Ind. Aug. 2, 2022) (referencing Fed. R. Civ. P. 5(d)(3)(B)(i)). The Northern District of Indiana does not have a local rule allowing such. Additionally, Plaintiff has not demonstrated any exceptional circumstances that would permit this Court from deviating from this District policy.

(ECF No. 12 at 1–2). In his objection, Thakar cites irrelevant caselaw related to due process and once again notes that his disability makes it difficult for him to come to the courthouse to file in person. (ECF No. 14 at 9–10).

As with his objection to the denial of the motions to seal, Thakar's threadbare arguments do not show that Judge Teel's denial of electronic filing access was clearly erroneous. *McMahon*

*v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (finding a district "court did not abuse its discretion in denying [a *pro se* plaintiff] access to" the court's e-filing system where the court "found no good cause under the circumstances of the case to authorize [the plaintiff's] access"). Thakar has not shown that he has difficulties in filing more onerous than those experienced by any *pro se* plaintiff without access to the Court's electronic filing system. Further, Thakar's physical presence at the courthouse is unnecessary, as manual filings may be made either in person or by mail. *See* N.D. Ind. L.R. 5-4.

## CONCLUSION

For these reasons, Thakar's objections to the Magistrate Judge's order are OVERRULED and his Motion for Review of Magistrate Judge Decision by a District Judge (ECF No. 14) is DENIED.

**SO ORDERED** this 5th day of May 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4